IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RIGAUD CADET, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-113-WBH-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-1632-WBH-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant, pro se, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 76.) Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion, the exhibit he attached to it, and the record of prior proceedings in this case and finds it plainly apparent that Movant is not entitled to the relief he seeks.

On October 27, 2011, Movant pled guilty, pursuant to a negotiated plea agreement, to one count of knowingly making a false statement in an application for

a U.S. passport. (Docs. 11, 44, 44-1.) Movant's plea agreement contained a limited waiver of appeal, which bars him from challenging his conviction or sentence via direct appeal or a § 2255 motion. (Doc. 44-1 at 7.) On January 11, 2012, the Court sentenced Movant to eleven months in prison, with credit for time he had served in jail before sentencing. (Doc. 57.) Movant had served at least eleven months in jail as of the date he was sentenced and, thus, was not sent to prison. (*See* Doc. 66.)

Movant is a citizen of Haiti who was not a lawful U.S. resident at the time he was arrested in this case, i.e., he was an illegal alien. (Movant's Pretrial Services Report, Feb. 22, 2011 (stating that federal immigration records confirmed, at the time of Movant's arrest, that he was an illegal alien); Movant's Presentence Investigation Report, Nov. 28, 2011 ("PSR").)[1] Thus, when Movant was sentenced in January, the Bureau of Immigration and Customs Enforcement ("ICE") took custody of him and began proceedings to remove him from this county. Movant currently is in ICE custody at the Irwin County Detention Center in Ocilla, Georgia. (Doc. 76.)

---

[1] The pretrial services report and the PSR are in the Court's files, but are not part of the public record of this case given the confidential information regarding Movant and others contained in those reports. Movant did not object in this case to the facts in those reports concerning his illegal residence in the U.S. Indeed, Movant provided much of the information contained in the reports, including information regarding his immigration history and status. The Court takes judicial notice of the pertinent facts in those official court records. *See* Fed. R. Evid. 201.

In his § 2255 motion, Movant contends that his counsel in this case, William Michael Moran, provided ineffective assistance by wrongly advising him of the immigration consequences of his guilty plea. (*Id.* at 2-3.) Movant specifically alleges that Moran told him that because he had lived in the U.S. for a long period of time, "deportation would not be an issue for him" if he pled guilty in this case. (*Id.* at 3.) Movant argues that Moran's advice was wrong because the crime to which he pled guilty subjects him to deportation. (*Id.* at 2-3.) Movant contends that if Moran had properly advised him of the immigration consequences of a conviction, he would have went to trial rather than pleading guilty. (*Id.* at 3.) Relying on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), Movant therefore argues that his guilty plea is invalid and that his conviction and sentence should be set aside under § 2255.

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). A criminal defendant who executes a plea

agreement with the government may waive his right to file a § 2255 motion, as Movant did here, and the waiver will be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). However, an appeal waiver likely does not waive the right to challenge the validity of the plea, of which the waiver is a part, itself. *Williams*, 396 F.3d at 1342 n.2; *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (holding that movant's claim in his § 2255 motion "explicitly challeng[ing] the validity of his guilty plea" was not barred by provision in plea agreement waiving his right to appeal or file a § 2255 motion).

Because Movant challenges the validity of his guilty plea and the associated plea agreement, the appeal waiver in the agreement likely does not bar his § 2255 motion. *See id.* The sole claim in his motion nevertheless fails on its merits. The basis of Movant's claim that his guilty plea is invalid is that Moran provided ineffective assistance in violation of his constitutional right to effective assistance of counsel. (Doc. 76.)

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v.*

*Washington*, 466 U.S. 668, 688, 692 (1984). Under the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, *i.e.,* whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In *Padilla*, the Supreme Court held that a criminal defense attorney may render constitutionally ineffective assistance by failing to advise his non-citizen client of the risk of deportation associated with a guilty plea. *Padilla*, 130 S. Ct. at 1486. The Supreme Court held that defense counsel in *Padilla* was constitutionally deficient in misadvising his client about the risk of deportation if the client pled guilty to a crime. *Id.* at 1478. The Supreme Court remanded the case for a determination of whether the erroneous advice prejudiced the defendant. *Id.* at 1486-87. Movant's claim in his § 2255 motion is very similar to the petitioner's claim in *Padilla*. (*See* Doc. 76.) The only harm Movant contends he suffered as a result of Moran's alleged misadvice is

5

deportation from the U.S. because he pled guilty to the charged crime.[2] (*Id.*)

Movant cannot show that he was prejudiced by Moran's allegedly erroneous advice that he would not be deported if he pled guilty because Movant was subject to deportation as an illegal alien regardless of whether he was convicted in this case. Movant was not a legal resident of the U.S. when he committed the crime to which he pled guilty. (Movant's Pretrial Services Report, Feb. 22, 2011; Movant's PSR.) Movant therefore was subject to deportation even if he had been acquitted after a trial or even if he had never been indicted. Thus, Moran's allegedly erroneous advice that Movant contends caused him to plead guilty could not have prejudiced him because he faced deportation no matter what happened in this case.

Several federal courts have held that criminal defendants who were illegal aliens when they committed their crimes cannot show the prejudice required to prevail on a claim of ineffective assistance of counsel grounded in *Padilla*. *See United States v. Perea*, No. 08-20160-08-KHV, 2012 WL 851185, at *5 n.4 (D. Kan. Mar. 8, 2012) ("In light of the fact that defendant was already subject to deportation [as an illegal alien], he has not shown how he could have rationally rejected the plea agreement,

---

[2] Movant does not claim that he is innocent of the crime to which he pled guilty or that he believes he would have been acquitted had he went to trial. (Doc. 76.)

6

proceeded to trial and subjected himself to a maximum term of life in prison."); *United States v. Aceves*, No. 10-00738 SOM/LEK, 2011 WL 976706, at *5 (D. Haw. Mar. 17, 2011) (holding that § 2255 movant who was an illegal alien "would not have been transformed into a legal resident . . . . even if he had [went to trial and] been acquitted" and, thus, "it was not his conviction that made him removable"); *United States v. Gutierrez Martinez*, No. 07-91(5) ADM/FLN, 2010 WL 5266490, at *4 (D. Minn. Dec. 17, 2010) (holding that because § 2255 movant was an illegal alien when he committed his crime, "his guilty plea had no bearing on his deportability" and, thus, his ineffective assistance claim failed); *see also Limones v. United States*, No. 1:07-CR-356-5-TWT, 2011 WL 1157371, at *5 (N.D. Ga. Mar. 29, 2011) (holding that § 2255 movant could not show prejudice on his *Padilla* claim because he had planned, prior to his arrest, to return to his home in Mexico). The same reasoning applies to Movant's *Padilla* claim, thus precluding the relief he seeks under § 2255.

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [76] be **DENIED** under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte

dismiss habeas petitions after affording the parties fair notice).[3] **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that Movant cannot show the prejudice necessary to prevail on his claim of ineffective assistance of counsel. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 25 day of May, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3] This Report and Recommendation provides such notice and, as indicated in the attached Order for Service, an opportunity for the parties to file any objections.